```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION

JAMES G. AKERS,                  )
                                 )
        Plaintiff                )
                                 )      No. 3:10-1213
v.                               )      Magistrate Judge Brown
                                 )      **Jury Demand**
HEARTLAND DENTAL CARE, INC.,     )
                                 )
        Defendant                )
```

### **M E M O R A N D U M**

Presently pending is the Defendant's motion to dismiss (Docket Entry 21). The Plaintiff has responded to the motion to dismiss (Docket Entry 23). For the reasons stated below, this case is DISMISSED.

### Background

The Plaintiff, Mr. James Akers, proceeding *pro se*, filed his complaint *in forma pauperis* with the District Court on December 21, 2010. The complaint is based on diversity of citizenship between the Plaintiff and the Defendant and the amount in controversy is alleged to be in excess of $75,000. The complaint, in paragraphs 8 through 18, alleges that the Plaintiff sought treatment from the Defendant on October 14, 2008. At this time his teeth were prepared for the purpose of manufacturing a single permanent crown tooth bridge to cover and seal teeth 13, 14 and 15. He alleges that the permanent bridge was received on October 30, 2008, but was not installed until November 6, 2008, because the Defendant insisted on satisfactory arrangements for payment. He

alleges that on six separate occasions between March 13, 2009, and August 12, 2009, he returned for remedial treatment for the extreme pain and bleeding he encountered immediately after the installation of the permanent crown on November 6, 2008. The last of the visits to the Defendant was on August 12, 2009. He alleges that the Defendant's employees insisted that adjusting his bite would be a sufficient remedy.

Plaintiff states that upon continuing to experience extreme pain and bleeding in and around the crown on teeth 13, 14 and 15, he consulted Dr. McNeely on December 18, 2009. On this date he was advised that the permanent crown should be removed and replaced at a cost of $1,766 (Docket Entry 1, par. 15). He alleges that on December 28, 2009, he received photographs of his dental work from the office of Dr. McNeely which clearly showed that the permanent crown was improperly manufactured and/or installed. He alleges the diagnosis and recommended treatments of Dr. McNeely were confirmed by H. Douglas Holliday, Jr. on October 21, 2010, and December 14, 2010. He has been unable to have remedial work done due to a lack of funds.

Plaintiff's complaint alleges in Count I that he was coerced by the Defendant. Count II alleges negligence on the part of the Defendant. Count II alleges fraudulent concealment.

The Defendant's memorandum in support of the motion to dismiss (Docket Entry 22), alleges that despite being filed as a

suit for coercion, negligence and fraudulent concealment, that the action is, in reality, a medical malpractice action governed by T.C.A. §§ 29-26-122(a) and 121, and that the Plaintiff has failed to file a certificate of good faith and to provide proper presuit notice of a claim for medical malpractice. Defendant further alleges that the complaint should be dismissed for failure to state a claim upon which relief can be granted on the basis that all of the claims are barred by the applicable statute of limitations (Docket Entry 21).

The Plaintiff's response (Docket Entry 23) argues that the case is not a medical malpractice case and that he could not have discovered his cause of action until, at the earliest, December 28, 2010, when he actually received photographs of his dental bridgework.

## Legal Discussion

The Magistrate Judge believes that this is a medical malpractice case subject to the provisions of T.C.A. § 29-26-122(a) and 121. Work performed by a dentist is characterized by Tennessee Courts as being subject to the medical malpractice statute. *Pullum v. Robinette*, 174 S.W.3d 124 (Tenn. Ct. App. 2004). The work performed by the Defendant is that performed by a dentist, and it directly relates to medical treatment of the Plaintiff. The Tennessee Supreme Court has held that "[O]n a claim alleged as negligent conduct, which constitutes or bears a substantial

3

relationship to the rendition of medical treatment by a medical professional, the medical malpractice statute is applicable." *Gunter v. Laboratory Corporation of America*, 121 S.W.3d 636, 641 (Tenn. 2003).

It appears to the Magistrate Judge that the heart of the Plaintiff's complaint is medical treatment in the form of dental bridge work and, as such, the claim sounds in medical malpractice.

T.C.A. § 29-26-121(a)(1) provides that "Any person . . . asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider that will be a named defendant at least 60 days before the filing of a complaint based upon medical malpractice in any court of this state." Subsection (b) requires that the complaint itself state whether this notice has been given. Where notice is given, subsection (c) provides that the applicable statute of limitations shall be extended for a period of 120 days from its original expiration date.

The complaint contends no such allegation and the Plaintiff, in his response, does not make any claim that he provided this written notice.

T.C.A. § 29-26-122(a) states that in any medical malpractice action in which expert testimony is required by § 29-26-115, "The plaintiff . . . shall file a certificate of good faith with the complaint. If the certificate is not filed with the

4

complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. the Plaintiff in his response has not claimed that the Defendant failed to provide records, nor has he claimed any extraordinary cause. He simply maintains that this is not a medical malpractice case. Unfortunately for his case, the Tennessee Supreme Court has held otherwise. *Gunter* at 641.

The Magistrate Judge concludes that this is a medical malpractice case and the requirements of T.C.A. § 29-26-115, 121 and 122 apply. In cases where these statutes apply, the statute of limitations is one year. T.C.A. § 29-26-116.

Plaintiff's complaint and his response to Defendant's motion also reveal Plaintiff's failure to file a certificate of good faith as required by T.C.A. § 29-26-122. Based on these omissions the Magistrate Judge concludes that Plaintiff's medical malpractice claims must be dismissed. Judge Haynes held in *Maliani v. Vanderbilt University Medical Center*, 2010 WL 4054268, *4 (M.D. Tenn. 2010), that where a plaintiff's complaint did not allege any pre-suit notice to these defendants at least 60 days before filing a complaint and there was no certificate of good faith as required by T.C.A. § 2926, 122, the medical malpractice claims must be dismissed.

The second part of the Defendant's motion is that the one-year statute of limitation applies and that the Plaintiff knew, or should have known, of this claim by December 19, 2009, at the latest. Again, the Magistrate Judge must conclude the Defendant's position is well-taken. In an actual dental malpractice case, the Tennessee Court of Appeals wrote an extensive opinion on when the statute of limitations began to run. *Holland v. Dinwiddie*, 2006 WL 3783534 (Tenn. Ct. App. 2006) (application for permission to appeal denied by Supreme Court May 21, 2007).

In the *Holland* case the plaintiff was treated by the defendant periodically between 1998 and 2003. During this period of time the plaintiff's dental condition became significantly worse. The plaintiff's last visit to the defendant was October 2003. The plaintiff subsequently saw a different dentist in early 2004. After receiving the plaintiff's dental records from the defendant in October of 2004, the new treating dentist informed the plaintiff that the defendant's treatment had been negligent and the plaintiff filed a dental malpractice action against the defendant on January 12, 2005. A trial court granted a summary judgment motion to dismiss based on the one-year statute of limitations, finding that the plaintiff should have discovered the injury by the time of the plaintiff's last visit to the defendant in October 2003. The Tennessee Court of Appeals found that where the plaintiff is aware that he is having difficulty with the treatment

provided by his dentist, he knows sufficient facts to begin the running of the statute of limitations.

The *Holland* case was based on a summary judgment motion rather than a motion to dismiss. Nevertheless, considering all the facts in the complaint, it appears to the Magistrate Judge that the Plaintiff should have known that he had severe difficulties with his teeth at the time of his last treatment by the Defendant on August 12, 2009. However, giving a *pro se* Plaintiff the benefit of the doubt, it appears to the Magistrate Judge it is undeniable that no later than December 18, 2009, when he was advised by another dentist that the bridgework would have to be replaced, that he was on notice that he had a potential claim against the Defendant.

The Tennessee Supreme Court summarized when a medical malpractice cause of action accrues as follows.

> In summary, a medical malpractice cause of action accrues when one discovers, or in the exercise of reasonable diligence should have discovered, both (1) that he or she has been injured by wrongful or tortious conduct and (2) the identity of the person or persons whose wrongful conduct caused the injury. A claimant need not actually know of the commission of a wrongful action in order for the limitations period to begin, but need only be aware of facts sufficient to place a reasonable person on notice that the injury was the result of the wrongful conduct of another. If enough information exists for discovery of the wrongful act through reasonable care and diligence, then the cause of action accrues and the tolling of the limitations period ceases. Neither actual knowledge of a breach of the relevant legal standard nor diagnosis of the injury by

> another medical professional is a prerequisite to the accrual of a medical malpractice cause of action.

*Sherrill v. Souder* 325 S.W.3d 584, 594 (Tenn. 2010)

The Plaintiff contends that the earliest he could have known of his cause of action was December 28, 2009, when he received photographs and x-rays from the office of the dentist, which clearly showed the permanent crown was improperly manufactured and installed (Docket Entry 23, p. 3). The *Holland* case points out that there is no requirement of a formal medical diagnosis in order for a claim to accrue. *Holland*, 2006 WS 3783534 at *7.

Even if this was not a medical malpractice case, but only a tort case, as the Plaintiff claims the statute of limitations is still one year. *Johnson v. Corrections Corporation of America*, 2006 WL 236889 at *3 (Tenn. Ct. App. 2006).

An allegation of fraudulent concealment does not help the Plaintiff's case, either. To establish fraudulent concealment, a plaintiff must prove (1) that the defendant took affirmative action to conceal the cause of action or remained silent and failed to disclose essential facts despite a duty to do so, and (2) the plaintiff could not have discovered the cause of action despite exercising reasonable diligence. *Stanbury v. Bacardi*, 953 S.W.2d 671, 674 (Tenn. 1997). The Tennessee Supreme Court noted in the *Stanbury* case that even though the defendant affirmatively and

8

repeatedly advised the plaintiff to wait a year (the precise statutory time period within which he had to file a malpractice claim) for her feet to completely heal, the exception would not apply because the plaintiff could have discovered the injury through the exercise of reasonable diligence. *Bacardi* at 674, fn.*6*. This complaint simply does not allege sufficient facts to show fraudulent concealment, even taken in the light most favorable to the Plaintiff. The complaint must allege sufficient facts to show a recovery is plausible under this theory. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Unfortunately, the only fact alleged about concealment is that the Defendant said a bite adjustment would resolve the problem with the bridge. The Plaintiff was aware this was incorrect by December 18, 2009, at the latest.

The Plaintiff's cause of action concerning coercion is that the Defendant withheld certain treatment until payments were made. The Magistrate Judge has been unable to find a separate Tennessee cause of action based on the facts alleged in the complaint. The coercion count simply states that the Defendant committed the unlawful act of "coercion" as alleged in paragraphs 1-10. The only facts that could deal with coercion are in paragraphs 9-12, which allege a delay from November 3, 2008, to November 6, 2008, in installing the bridge. Even if this stated a claim it would still be subject to a one-year statute of

limitations for a tort to the person which would have run starting on November 6, 2008, when the delay stopped. T.C.A. § 28-3-104.

The Court has considered the possibility this could justify a tolling of the statute of limitations. Whether the Defendant withheld treatment because of a lack of payment does not appear to the Magistrate Judge to have any connection to the Plaintiff's ability to know that he had a cause of action for negligence or medical malpractice. Perhaps if Defendant had withheld providing records until certain bills were paid, he might have an argument for tolling of the statute of limitations. However, under the facts alleged in the complaint, even reading them in the light most favorable to Plaintiff, there is simply nothing dealing with the issue of payment that will justify an extension of the statute of limitations or support a separate cause of action.

Unfortunately, it appears that the Plaintiff simply waited too long to being his lawsuit against this Defendant. Even giving him the benefit of every reasonable doubt, the last date he can justify is that of December 18, 2009, and that is more than one year before the Plaintiff actually filed his lawsuit. Thus, the Magistrate Judge concludes that his claims are barred by the statute of limitations. Even if the case were not barred by the statute of limitations, the Magistrate Judge must conclude that this case is one involving medical malpractice and would require

expert testimony under T.C.A. § 29-26-115. Accordingly, the Plaintiff failed to comply with the requirements of T.C.A. § 29-26-122(a) by not providing a certificate of good faith with the complaint.

## Conclusion

For the reasons stated above, this case is **DISMISSED**. An appropriate order will issue.

It is so ORDERED.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge
